UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BELLINGER,<br><br>        Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.; QUALITY LOAN SERVICE CORP.; U.S. BANK NATIONAL ASSOCIATION,<br><br>        Defendants.<br>_____/ | Case No. 1:14-cv-01076-JAM-BAM<br><br>**FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Mark Bellinger ("Plaintiff or Bellinger"), proceeding pro se, filed this foreclosure related action on July 10, 2014. (Doc. 1.)[1] Presently pending before the Court is the Motion to Dismiss filed by Defendants Wells Fargo Bank, N.A., and U.S. Bank National Association, and joined by Quality Loan Service Corp ("Defendants"). (Docs. 8, 19.) Defendants move to dismiss Plaintiff's complaint for failure to state a claim. (Doc. 8). By order on September 19, 2014, the motion to dismiss was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. The Court deemed the matter suitable for decision without oral argument pursuant to

---

[1] This is a mortgage case that appears to have been filed in response to an unlawful detainer action that is pending in Calaveras County Superior Court. Specifically, Defendant U.S. Bank filed an unlawful detainer action against Mr. Bellinger in state court, which Mr. Bellinger removed to federal court on September 2, 2014 after Plaintiff filed his initial complaint seeking to set aside the non-judicial foreclosure sale of his residence. (Doc. 11). Plaintiff's removed case was designated as a separate action and the case was remanded to state court for lack of subject matter jurisdiction. *See Mark Bellinger v. Wells Fargo Bank, N.A.*, No. 1:14-cv-1538 JAM-BAM, 2014 U.S. Dist. LEXIS 140637 (E.D. Cal. Oct. 2, 2014).

1

Local Rule 230(g), and vacated the hearing scheduled for October 17, 2014. For the reasons stated below, Plaintiff fails to state a claim and the Court recommends that Defendants' Motion be GRANTED without leave to amend.

## BACKGROUND

The theory underlying the totality of Plaintiff's complaint challenges the "entire California system of non-judicial foreclosure" and the foreclosure and sale of Plaintiff's residence located at 32 Harmonia Pointe Way, Copperpolis, California ("Property"). (Doc. 1.) On or about May 25, 2005, Plaintiff borrowed $455,100.00 from Wells Fargo Bank, N.A. and secured the loan by a Deed of Trust on the Property. On March 8, 2012, Defendant U.S. Bank, N.A. became a successor-in-interest to the Deed of Trust. (RJN Ex. B, Doc. 9-2). Plaintiff failed to make timely payments and ultimately defaulted on the loan. On September 26, 2013, a Notice of Default and Election to Sell Under Deed of Trust was recorded on the Property. (RJN Ex. D, Doc. 9-4). In the Notice of Default, Plaintiff was notified that he could bring his account current by paying $73,742.50. *Id.* Plaintiff failed to tender the full amount owed and on February 24, 2014, Defendants sold the Property at a public auction. A trustee's deed upon sale was recorded on March 5, 2014. (RJN Ex. F, Doc. 9)

On July 10, 2014, Plaintiff filed the instant action in this Court. In his Complaint, Plaintiff seeks to invalidate the foreclosure and have the Property returned to him. Plaintiff also requests monetary damages.

## LEGAL STANDARD

1. Rule 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). Where the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege facts sufficient to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); see Fed.R.Civ.P. 12(b)(6). A dismissal for failure to state a claim is brought under Federal Rule of Civil Procedure Rule 12(b)(6) and may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v.*

*Riverside Healthcare Sys.*, LP, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

When the court reviews a complaint under Rule 12(b)(6), all of the complaint's material allegations of fact are taken as true, and the facts are construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). However, the court need not accept conclusory allegations, allegations contradicted by exhibits attached to the complaint or matters properly subject to judicial notice, unwarranted deductions of fact, or unreasonable inferences. *Daniels-Hall v. National Educ. Ass'n.*, 629 F.3d 992, 998 (9th Cir. 2010). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985). However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir.1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981)).

If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), *quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). In other words, leave to amend need not be granted when amendment would be futile. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

### 2.     Judicial Notice

Before evaluating Plaintiff's claims, the Court first turns to the requests for judicial notice by Defendants.  Defendants have requested judicial notice of several documents: the Deed of Trust related to the subject property recorded with the Calaveras County Recorder on June 7, 2005 ("RJN Ex. A"); an Assignment of Deed of Trust, recorded with the Calaveras County Recorder on March 8, 2012 ("RJN Ex. B"); a Substitution of Trustee, recorded with the Calaveras County Recorder on June 26, 2013 2013 ("RJN Ex. C"); a Notice of Default, recorded with the Calaveras County Recorder on September 26, 2013 ("RJN Ex. D"); Notice of Trustee Sale, recorded with the Calaveras County Recorder on December 26, 2013 ("RJN Ex. E"); and a Trustee's Deed Upon Sale, recorded with the Calaveras County Recorder on March 5, 2014 ("RJN Ex. F"). Plaintiff opposes judicial notice of those exhibits.

Generally, the court considers only the complaint and attached documents in deciding a motion to dismiss, but the court may also take judicial notice of matters of public record without converting the motion into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Federal Rule of Evidence 201(b) permits a court to "judicially notice a fact that is not subject to reasonable dispute because it: ¶ (1) is generally known within the trial court's territorial jurisdiction; or ¶ (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records are properly the subject of judicial notice because the contents of such documents contain facts that are not subject to reasonable dispute; as public records, the facts therein "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *Vargas v. Wells Fargo Bank, N.A.*, 2012 WL 2931220, *7 (N.D. Cal. July 18, 2012); *see also Permito v. Wells Fargo Bank*, 2012 WL 1380322, *2 (N.D. Cal. Apr. 20, 2012) ("The Court will take judicial notice of the dates, parties, and legally operative language of these documents, but not the truth of various factual representations made in the documents.").

The exhibits offered by Defendant for judicial notice are all matters of public record, duly recorded with the Calaveras County Recorder. *See* RJN Exs. A - F. The fact of their recording can be

4

"accurately and readily determined" because the accuracy of the source of the records—the Calaveras County Recorder—"cannot reasonably be questioned." Fed. R. Evid. 201(b); *Vargas v. Wells Fargo*, 2012 WL 2931220 at *7. Rule 201(b) permits the court to take judicial notice of the dates, parties, and legally operative language of these documents because they are "not subject to reasonable dispute." Fed. R. Evid. 201(b); *Vargas v. Wells Fargo*, 2012 WL 2931220 at *7. The Court will therefore take judicial notice of the RJN exhibits. *See Lee*, 250 F.3d at 690. Defendants' request is GRANTED.

## ANALYSIS

In a mix of federal and state law claims, Plaintiff (1) challenges the California statutory foreclosure scheme as constitutionally flawed and (2) argues that the non-judicial foreclosure sale of his residence is invalid. Plaintiff's federal and related claims fail to state a facially plausible claim for relief and should therefore be dismissed. Further, Plaintiff's remaining state law claim should be dismissed for lack of subject matter jurisdiction.

### 1.   Federal Claims (Counts 1-3)

Plaintiff's Counts 1, 2, and 3 challenge the constitutionality of California's non-judicial foreclosure statutory scheme including California Civil Code Sections 1714.10, 2924-2941, and California Code of Civil Procedure Section 405.21. Plaintiff argues that these statutes violate the Constitution and Plaintiff's rights on the basis of Due Process, Equal Protection, Freedom of Speech, and the constitutional right to a jury trial.[2] Specifically, Count 1 asks the Court to "declare and adjudge that California Civil Code Sections 2924, *et. seq* are unconstitutional on their face." Compl. at pg. 15. Count 1 also alleges that "the non-judicial foreclosure statutes constitute a violation of an Infringement of" the First, Fifth, Seventh, and Fourteenth Amendments. Compl. at pg. 14. Plaintiff's Count 2 requests that the Court declare the enforcement of non-judicial foreclosures by California courts as unconstitutional and order the foreclosure against Plaintiff or any person subject to foreclosure under Sections 2934 and 2941 are null and void. Compl. at 15. Plaintiff's Count 3,

---

[2]   Plaintiff's Complaint makes a passing reference to a claim that California's non-judicial foreclosure statutes deny him the right to a jury trial under the Seventh Amendment. However, non-judicial foreclosure is not a judicial proceeding to which the Seventh Amendment applies. Nonjudicial foreclosure is a purely private remedy, and its constitutionality has been upheld. *See Apao v. Bank of N.Y.*, 324 F.3d 1091, 1092 (9th Cir. 2003).

challenges California Code of Civil Procedure § 405.21 and Civil Code § 1714.10 as a violation of Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments. Compl. at pg. 16.

Causes of action for purported constitutional violations, as alleged here by Plaintiff, must be brought pursuant to 42 U.S.C. § 1983. A "plaintiff may not sue a state defendant directly under the Constitution where section 1983 provides a remedy." *Martinez v. City of L.A.*, 141 F.3d 1373, 1382–83 (9th Cir. 1998); *Azul–Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir.1992) (A plaintiff has not cause of action directly under the Constitution: "a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983"). Substantive and procedural due process and equal protection claims that are based on violations of the federal constitution must be brought under the Civil Rights Act, 42 U.S.C. § 1983. Section 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 943 (9th Cir.2004), *rehg and rehg en banc denied*, 395 F.3d 1062 (9th Cir. 2005). Thus, Plaintiff's complaint, liberally construed, alleges claims pursuant to § 1983 and must satisfy the requirements of 42 U.S.C. § 1983 as a basis for this Court's jurisdiction.

To state a claim under 42 U.S.C. §1983, a Plaintiff must allege a violation of his constitutional rights and show that the defendant's actions were taken under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001). Actin under color of state law is "a jurisdictional requisite for a §1983 action." *Gritchen*, 254 F.3d at 812 (*quoting West v. Atkins*, 487 U.S. at 46). Similarly, a plaintiff basing a cause of action on alleged constitutional violations must show that the "actions complained of are 'fairly attributable' to the government." *Morse v. North Coast Opportunities, Inc.*, 118 F.3d 1338, 1340 (9th Cir. 1997).

In seeking dismissal of Plaintiff's § 1983 claims, Defendants argue that because they are private entities and not "state actors," Plaintiff's first three constitutional challenges fail. Defendants argue they were not acting under color of state law. According to Defendants, Plaintiff has failed to allege any acts or omissions by the Defendants that are in any way attributable to state action. (Doc. 8 at 11). Further, Defendants argue that no state action exists where a foreclosing entity attempts to

foreclose under California's non-judicial foreclosure statutes. *See Lawson v. Smith*, 402 F.Supp. 851 (N.D. Cal. 1975). Plaintiff's opposition does not respond to Defendants' argument regarding state action.

Generally, private actors do not act under color of state law. *Price v. State of Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). In order to determine whether a private actor acts under color of law for §1983 purposes, the Court looks to whether the conduct causing the alleged deprivation of federal rights is fairly attributable to the State. *Id.* (*citing Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)). Conduct may be fairly attributable to the State where: (1) it results from a governmental policy and (2) the defendant is someone who fairly may be said to be a governmental actor. *Lugar*, 457 U.S. at 937; *see also Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir. 1999).

Here, Plaintiff's Complaint does not specify which Defendants are state actors for the purpose of Plaintiff's constitutional claims. Further, Plaintiff does not allege any facts that even suggest state action by any defendant, nor could he. Numerous courts have reviewed similar challenges to non-judicial foreclosure schemes, and all have concluded that state regulation of non-judicial foreclosure does not constitute state action sufficient to invoke constitutional protections. The United States and California Supreme Courts have long upheld the constitutionality of the power of sale in deeds of trust. *Scott v. Paisley*, 271 U.S. 632, 635 (1926); *Kochs v. Briggs*, 14 Cal. 256, 263 (1827). Courts have repeatedly upheld the constitutionality of non-judicial foreclosure sale statutes. *See Lawson v. Smith*, 402 F.Supp. 851, 855 (N.D. Cal.1975) (California's non-judicial foreclosure statutory scheme does not involve state action for purposes of due process analysis); *Garfinkle v. Superior Court*, 21 Cal.3d 268, 281-283 (1978) (California's non-judicial foreclosure statutory scheme does not come within the scope of the due process clause under the federal or state Constitution because no state action is involved); *I. E. Associates v. Safeco Title Ins. Co.*, 39 Cal. 3d 281 (1985) ("the California non-judicial foreclosure procedure constitutes private-not state-action, which is therefore exempt from the due process constraints of the federal and state Constitutions."); *U.S. Hertz, Inc. v. Niobrara*

*Farms*, 41 Cal.App.3d 68, 87 (1974) (California's non-judicial foreclosure statute does not involve state action for purposes of due process analysis).

Plaintiff's Counts 1, 2, and 3 fail because Plaintiff cannot establish that Defendants are government actors or that Defendants' non-judicial foreclosure constituted state action. As private actors, Defendants are not subject to Plaintiff's Constitutional challenges pursuant to Section 1983. Accordingly, as leave to amend cannot cure the complaint's deficiencies as to Plaintiff's constitutional challenges, Counts 1, 2 and 3 should be dismissed without leave to amend.

### 2. State Law Claim (Count 4)

Plaintiff's Count 4 alleges a state law claim for wrongful foreclosure. Specifically, Count 4 contests the validity of Defendants' non-judicial foreclosure on the grounds that the assignment of the deed of trust and substitution of the trustee were executed in North Carolina instead of in South Dakota, Defendants' principal place of business. Although Defendants move to dismiss this claim on the merits for Plaintiff's failure to allege tender, because all of Plaintiff's federal claims must be dismissed, this Court should decline supplemental jurisdiction over Plaintiff's state law wrongful foreclosure claim. *See Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 639-40 (2009); *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 936 (9th Cir. 2003); 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). Indeed, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

Here, dismissal of Plaintiff's 42 U.S.C. § 1983 claims leaves the complaint devoid of any federal claims. Therefore, no federal question jurisdiction remains per 28 U.S.C. § 1331. The

complaint further fails to allege any facts that would support diversity jurisdiction per 28 U.S.C. § 1332. Federal Diversity jurisdiction requires that all parties to the action be citizens of different states. 28 U.S.C. § 1332. Indeed, Plaintiff alleges that defendant Quality Loan Service Corp. has its place of business in San Diego, California and is organized under the laws of California. (Complaint, Doc. 1 p.3.) Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining wrongful foreclosure state law claim. *See* 28 U.S.C. § 1367(c).

### 3. Declaratory Relief (Count 5)

Finally, Plaintiff's Count 5 seeks a "declaratory judgment" declaring that U.S. Bank did not have the right to foreclose on Plaintiff's Property because Defendants intentionally misled Plaintiff into entering into agreements with Defendants. Compl. at 20. Defendants argue that Plaintiff is not entitled to declaratory relief for two reasons. First, Plaintiff has not demonstrated any right to relief because the statutes Plaintiff seeks to declare as unconstitutional have been repeatedly upheld as permissible. Second, Plaintiff has failed to demonstrate any actual controversy with Defendants. In his opposition, Plaintiff does not provide any substantive argument on this claim.

Here, Plaintiff's complaint lacks a viable declaratory relief claim. The Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201, 2202, provides in pertinent part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. §2201(a).

The DJA's operation "is procedural only." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937). "A declaratory judgment is not a theory of recovery." *Commercial Union Ins. Co. v. Walbrook Ins. Co., Ltd.*, 41 F.3d 764, 775 (1st Cir. 1994). The DJA "merely offers an *additional remedy* to litigants." *Nat'l Union Fire Ins. Co. v. Karp*, 108 F.3d 17, 21 (2nd Cir. 1997). A DJA action requires a district court to "inquire whether there is a case of actual controversy within its jurisdiction." *American States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994).

Declaratory relief is appropriate "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Bilbrey by Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir.1984).

As to a controversy to invoke declaratory relief, the question is whether there is a "substantial controversy, between parties having adverse legal rights, or sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). The U.S. Supreme Court has further explained:

> A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. . . . The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. . . . It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Haworth*, 300 U.S. at 240-241, 57 S.Ct. at 464 (citations omitted).

The failure of the complaint's claims as a whole demonstrates the absence of an actual controversy subject to declaratory relief. A declaratory relief action "brings to the present a litigable controversy, which otherwise might only be tried in the future." *Societe de Conditionnement v. Hunter Eng. Co., Inc.*, 655 F.2d 938, 943 (9th Cir. 1981). As an equitable remedy, declaratory relief is "dependent upon a substantive basis for liability" and has "no separate viability" if all other causes of action are barred. *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal.App.4th 1018, 1023, n. 3, 98 Cal.Rptr.2d 661 (2000).

In the absence of a viable claim, the complaint fails to support declaratory relief. The complaint presents no litigable controversy to be tried in the future. Moreover, the declaratory relief Plaintiff seeks is commensurate with the relief sought through his other causes of action. Thus, the declaratory relief claim is duplicative and unnecessary. *See Permpoon v. Wells Fargo Bank Nat. Ass'n*, 2009 U.S. Dist. LEXIS 89723, 2009 WL 3214321, at *5 (S.D. Cal. Sep. 29, 2009). Accordingly, Plaintiff's request for declaratory relief should be dismissed without leave to amend.

///

///

**RECOMMENDATIONS AND ORDER**

For the forgoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendants' request for judicial notice is granted. (Doc. 9.)

2. Defendants' Motion to Dismiss should be granted. (Doc. 8.)

3. Plaintiff's complaint should be dismissed without leave to amend as follows:

   A. Plaintiff's federal claims alleged in Counts 1-3 are DISMISSED without leave to amend;

   B. Plaintiff's state law claim for wrongful foreclosure alleged in Count 4 is DISMISSED without leave to amend;

   C. Plaintiff's claim for declaratory relief alleged in Count 5 is DISMISSED without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days (14) after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 13, 2014**     /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE